David Berke (SBN #123007)
BERKESLAW
7162 Beverly Boulevard, Suite #324
Los Angeles, California 90036
Telephone:(310) 251-0700
Email: david@berkeslaw.net
Attorneys for Plaintiff
Morgan Creek Productions, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA; WESTERN DIVISION

| | |
|---|---|
| MORGAN CREEK PRODUCTIONS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>GOODE FILMS, LLC, a New York limited liability company, and NETFLIX, INC., a Delaware company,<br><br>Defendants. | CASE NO. :<br><br>COMPLAINT OF MORGAN CREEK PRODUCTIONS, INC. FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501) AGAINST GOODE FILMS, LLC and NETFLIX, INC.<br><br>DEMAND FOR JURY TRIAL |

Plaintiff, Morgan Creek Productions, Inc., (hereinafter known as "MCP") complaints against Defendant Goode Films, LLC (hereinafter known as "GF") and Netflix, Inc. ("Netflix") (sometimes hereinafter collectively referred to as "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for acts of copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338 (a) and (b).

2. Venue is proper in this district under 28 U.S.C §§1391(b) and (c) and 28 U.S.C. §§ 1400(a) in that claim arises in this judicial district and, on information and belief, one or more of the Defendants and their agents reside and may be found in this judicial district, and/or maintain its principal place of business in this judicial district, and the injury suffered by Plaintiff took place in this judicial district. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California.

## PARTIES

3. Plaintiff, Morgan Creek Productions, Inc. ("MCP") is a California corporation existing under the laws of California with its principal place of business located in Los Angeles, California. MCP is a producer and distributor of motion picture and television entertainment. Specific to this lawsuit, MCP is the producer of the successful motion picture entitled *Ace Ventura 2, When Nature Calls* ("*Ace Ventura 2*"), which grossed over $108 million against a $30 million budget. *Ace Ventura 2* followed up on the success of the original *Ace Ventura*, grossing $107 million worldwide, and launching the film career of comedian Jim Carrey. Both films still retain a large and loyal cult-like following, especially among male adolescents.

4. On information and belief, Defendant Goode Films ("GF") is a limited liability corporation organized under the laws of the State of New York, with its principal place of business found in New York City, New York State. Plaintiff is informed and believes, and thereupon alleges, the RGP is primarily engaged in the production of documentary films, and is the producer of the "docuseries" which is the subject of this action, *Tiger King*.

5. On information and belief, Defendant Netflix, Inc. ("Netflix") is a corporation organized under the laws of the State of Delaware, with its headquarters located Los Gatos, California, and its principal place of business situated on Sunset Boulevard in Hollywood,

California. Netflix is an exhibitor of existing entertainment product, and the producer of original entertainment content (from motion pictures, to television, to documentaries), and a prolific exhibitor of documentary films produced by third parties. Relevant to the present action, the seven-episode "docuseries," *Tiger King* aired on Netflix, beginning in March 2020.

## FACTS COMMON TO ALL COUNTS

6. *Tiger King* chronicles the exploits of an individual who styled himself as "Joe Exotic" (real name, Joseph Maldonado Passage), a flamboyant and publicity seeking owner of a private big-cat zoo located in Oklahoma. The series was filled with sordid tales of animal abuse, voluminous guns, and a quixotic bid for the U.S. Presidency. Most significantly, the program followed a murder-for-hire plot aimed at a competing animal sanctuary owner, hated by Joe Exotic, and seen as a threat to his "big cat" zoo empire. The *Tiger King* series culminates in the conviction of Joe Exotic to a 22-year sentence under Federal murder-for-hire statutes and the Endangered Species Act, and he is currently incarcerated.

7. The *Tiger King* docuseries was extremely successful for Netflix, with a second season slated airing in mid-November 2021. For a time after release it was Netflix's #1 hit, and still today remains one of a dozen of Neflix's top documentary releases.

8. Not coincidentally, both *Ace Ventura* movies feature Jim Carey as a "pet detective," specializing in the recovery of stolen wild and exotic animals. In the two clips from *Ace Ventura 2*, used by Defendants without permission or license, Mr. Carey appears first with a monkey wrapped around his neck and shoulder, and then in an unrelated clip, triumphantly riding an elephant. Together, they comprise approximately 5 seconds of screen time.

9. The sequence in which these clips (the "Infringing Clips") appear in *Tiger King* features movies where various wild animals such as tigers, panthers, monkeys, and great apes appear. Leaving no room for doubt as to the source, a dubbed-over voice identifies one such movie as "Ace Ventura," at the precise time when the Infringing Clips appear on screen. Plaintiff is informed and believes, and thereupon alleges, that *Ace Ventura* is the only film used in *Tiger King* where more than one clip appears.

///

10. All rights, title and interest in the Infringing Clips, including but not limited to the copyrights thereon, and copyrights to the *Ace Venture* films are owned by MCP. MCP filed for copyright registration of the *Ace Venture* first publication with the United States Copyright Office, registration number PA 775-030. A true and correct copy of the U.S. Copyright registration is attached here as Exhibit "A."

*Defendants and Their Willful Infringing Activity*

11. Defendants violated federal law by willfully infringing MCP's copyrights to at least two film clips appearing in the very first episode of *Tiger King*. Attached hereto as Exhibit "B" and incorporated herein by reference are true and correct screenshots of the two Infringing Clips at issue in this lawsuit.

12. Moreover, with the first episode of *Tiger King*, caused, or materially contributed to the distribution and public display of the Infringing Clips to a viewing audience of literally millions of viewers – many of them more than once, multiplying the harm to MCP -- all while knowing or having reason to know of the use of the Infringing Clips was without permission, consent, or license.

13. On information and belief, Defendants financially benefit from their use of the Infringing Clips because the appearance of the two comedic scenes from *Ace Ventura, 2,* serve to enhance the commercial value of *Tiger King* by (1) demonstrating the frequent use of wild animals in various cinematic productions, (2) adding levity to the first episode of the docuseries, an important factor in driving traffic to the episodes of *Tiger King* which follow, and (3) indicating by inference that the makers of *Ace Ventura, 2,* are promoting *Tiger King* favorably.

14. In or around June 15, 2020, MCP emailed a demand letter to Defendants' attorney regarding this dispute, seeking to negotiate an after-the-fact license. Further discussions followed, but the parties were unable to resolve this dispute, requiring MCP to enforce its valuable rights, while incurring the cost and expense of litigation.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement, 17 U.S.C. § 501)

15. MCP incorporates hereby by this reference the allegations set forth in Paragraphs 1 through 14, above, as though fully set forth herein.

16. MCP is the owner of all rights, title, and interest in the copyrights of the *Ace Ventura* films and, specifically, the Infringing Clips from *Ace Ventura 2* which frame this dispute, which substantially consist of materials wholly original and which are copyrightable subject matter under the laws of the United States.

17. MCP filed for copyright registration of *Ace Ventura 2* (and the Infringing Clips contained therein) within 90 days of its first publication with the United States Copyright Office. *See* Exhibit A hereto.

18. Defendants have directly, vicariously, contributory and/or by inducement willfully infringed MCP's copyrights by reproducing, displaying, distributing, and utilizing the Infringing Clips for purposes of trade in violation of 17 U.S.C. § 501 et seq.

19. All of the Defendants' acts are and were performed without permission, license, or consent of MCP.

20. MCP has identified at least two instances of infringement by way of unlawful reproduction and display of the Infringing Clips.

21. As a result of the acts of Defendants alleged herein, MCP has suffered substantial economic damage.

22. Defendants have willfully infringed, and unless enjoyed, will continue to infringe MCP's copyrights by knowingly reproducing, displaying, distributing and utilizing the Infringing Clips while the *Tiger King* docuseries is streamed, and continues to be streamed in future reruns.

23. The wrongful acts of Defendants have caused, and are causing, injury to MCP, which cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, MCP will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, MCP seeks a declaration that Defendants are infringing

MCP's copyrights and an order under 17 U.S.C. § 502 enjoining Defendant from any further infringement.

24. The above-documented infringements alone would entitle MCP to a potential award of up to and no less than $300,000 in statutory damages for the two Infringing Clips, in addition to attorney's fees.

25. MCP is entitled to recover costs and attorneys' fees from Defendants pursuant to 17 U.S.C. § 1203 (b)(4) and (5).

26. Defendants' violation of 17 U.S.C. § 1202(b) has caused, and, unless restrained by this Court, will continue to cause, irreparable injury to MCP not fully compensable in monetary damages. Pursuant to 17 U.S.C. § 1203(b), MCP is entitled to a preliminary and permanent injunction enjoining Defendants from further such violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That the Defendants, and their officers, agents, servants, employees, and representatives, and all persons in active concert or participation with them, be permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all motion picture clips belonging to MCP;

2. That an accounting be made for all profits, income, receipts or other benefit derived by Defendants from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. § 504(a)(1) and (b);

3. For actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement and for all damages suffered by it by reasons of Defendants' acts, under 17 U.S.C. § 504 (a)(1) and (b);

4. For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504 (a)(2) and (c);

///

5. For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505;

6. For costs and interest pursuant to 17 U.S.C. § 504(a)(1) and (b) and 17 U.S.C. § 505; and

7. For any such other and further relief as the Court may deem just and appropriate.

Date: December 24, 2021

LAW OFFICES OF DAVID BERKE

By: _____

Attorneys for Plaintiff
Morgan Creek Productions, Inc.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues to triable under the law.

Date: December 21, 2021

LAW OFFICES OF DAVID BERKE

By: _____
Attorneys for Plaintiff
Morgan Creek Productions, Inc.